**UNITED STATES of America,**
**Appellee,**

v.

**Farydon NAJMEHCHI, Defendant–**
**Appellant.**

**No. 04–0200–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 23, 2004.

Lisa G. Horwitz, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Harry Sandick, on the brief), for Appellee.

Diana Parker, New York, NY, for Defendant–Appellant.

PRESENT: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

SUMMARY ORDER

Defendant–Appellant Farydon Najmehchi was convicted, following a one-day bench trial on stipulated facts, of possessing with intent to distribute approximately four kilograms of opium, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C). Najmehchi appeals the district court's decision not to suppress the government's evidence against him. He also argues that he was erroneously sentenced.

We review a district court's suppression decision *de novo*, viewing the facts in the light most favorable to the government,

*see United States v. Casado,* 303 F.3d 440, 443 (2d Cir.2002), and giving great deference to a district court's determinations of witness credibility, *see United States v. Maldonado–Rivera,* 922 F.2d 934, 972 (2d Cir.1990). Najmehchi asserts that he was seized in violation of the Fourth Amendment before he consented to the search that revealed the opium in his luggage. We conclude that none of the factors we have identified as indicative of a constitutional seizure are present in his case. *See Brown v. City of Oneonta,* 221 F.3d 329, 340 (2d Cir.2000) (listing factors). On the facts before us, and in light of the district court's credibility determinations, we cannot say that the district court erred in denying Najmehchi's motion to suppress.

Najmehchi also claims that the district court erred in (1) denying him a sentencing adjustment for acceptance of responsibility, (2) enhancing his sentence for obstruction of justice, and (3) "double counting" a single act of perjury. These arguments are unavailing, and we reject them for substantially the reasons expressed by the district court.

Finally, Najmehchi argues that, in light of the Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his sentence is constitutionally infirm. This claim is foreclosed by our opinion in *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004).

We have considered all of defendant's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Appellant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*