**UNITED STATES of America,**
**Appellee,**

v.

**Farydon NAJMEHCHI, Defendant–**
**Appellant.**

**No. 06–5747–cr.**

United States Court of Appeals,
Second Circuit.

July 24, 2008.

Vivian Shevitz, South Salem, NY, for Defendant–Appellant.

Michael J. Garcia, United States Attorney (Jessica A. Masella and Katherine Polk Failla, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Circuit Judges.*

### SUMMARY ORDER

Farydon Najmehchi appeals from Judge Cote's order declining to resentence him after a remand pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). *United States v. Najmehchi,* No. 04–0200 (2d Cir. Apr. 25, 2005) (ordering a *Crosby* remand). We assume the parties' familiarity with the facts and various proceedings in this court and the district court.

We review sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006) (alterations, internal quotation marks, and citation omitted). "Reasonableness" includes both procedural and substantive reasonableness. *Gall v. United States,* ——

* Judge Debra Ann Livingston, a member of the original panel, subsequently recused herself. Therefore, this case is decided by the two remaining members of the panel pursuant to Section 0.14 of the Rules of the United States Court of Appeals for the Second Circuit.

U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

At the original sentencing, the district court imposed a sentence of 97 months' imprisonment, a sentence at the lowest end of the Federal Sentencing Guidelines' range of 97 to 121 months. In reconsidering its sentence after the *Crosby* remand, the district court reimposed the original sentence, concluding that a sentence lower than the Guidelines recommended was not appropriate. On appeal, Najmehchi argues that his sentence should have been reduced in light of his acceptance of responsibility for his wrongdoing.

■ Upon review of the record, we conclude that Najmehchi's sentence is procedurally reasonable. Assessing procedural reasonableness requires considering "such factors as whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a). ..." *United States v. Rattoballi,* 452 F.3d 127, 131–132 (2d Cir.2006). The first of those factors, the issue of proper identification of the Guidelines range, was resolved on the first appeal, *United States v. Najmehchi,* 118 Fed. Appx. 569, 570 (2d Cir.2004), *cert. denied,* 546 U.S. 854, 126 S.Ct. 122, 163 L.Ed.2d 129 (2005), and is not before us now. *United States v. Williams,* 475 F.3d 468, 475–76 (2d Cir.2007) (applying the "law of the case" doctrine), *cert. denied,* —— U.S. ——, 128 S.Ct. 881, 169 L.Ed.2d 739 (2008). As for the others, the district court explicitly stated that the sentencing decision was made as a result of "considering all the factors under Section 3553(a)." In addition, the court specifically referred to appellant's "criminal history," his "family history," his "arrest conduct," and the "history of the litigation." That the court

properly treated the Guidelines as advisory is evident from its having seriously considered the defendant's request for a sentence that was below the Guidelines recommendations, before concluding that in light of "the criminal conduct and the perjury" which the defendant had committed, the defendant's specific circumstances did "not ... warrant a nonguidelines sentence."

■ Finally, we conclude that Najmehchi's sentence is substantively reasonable, because it "was well within the broad range of reasonable sentences that the District Court could have imposed in the circumstances presented." *Fernandez,* 443 F.3d at 34.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.